IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01222-WYD-CBS

JOEY YOUNG,
    Plaintiff,
v.

SGT. RICHARD MARTINEZ, Head of Maintences [sic], and
ARAMARK SERVICES, Head of Laundry Services,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Defendant Martinez' Motion to Dismiss (filed August 15, 2007) (doc. # 16); (2) Defendant Aramark's Motion to Dismiss (filed September 10, 2007) (doc. # 27); and (3) Plaintiff Young's "Prisoner Leave to Amend Complaint (2) [sic]" (filed December 14, 2007) (doc. # 42) (docketed by the Clerk of the Court as a Motion to Amend Complaint and Combined Complaint). Pursuant to the Order of Reference dated July 16, 2007 (doc. # 8) and the memoranda dated August 15, 2007 (doc. # 17), September 10, 2007 (doc. # 28), and December 14, 2007 (doc. # 43), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, Mr. Young's Responses (filed August 27, 2007 and September 25, 2007) (docs. # 24 and # 31), Defendant Martinez' Response (filed December 28, 2007) (doc. # 45), Defendants' Replies (filed September 5, 2007 and October 10, 2007) (docs. # 26 and # 34), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Mr. Young is currently incarcerated at the Crowley County Correctional Facility of the Colorado Department of Corrections ("CDOC") in Olney Springs, Colorado. Mr. Young

was previously incarcerated from January 3, 2007 to June 22, 2007 at the Arapahoe County Detention Center ("ACDC") in Centennial, Colorado. (*See* Amended Complaint (doc. # 5) at pp. 3-6 of 8; doc. # 11, doc. # 12). Mr. Young alleges pursuant to 42 U.S.C. § 1983 that Defendants violated his constitutional rights while he was incarcerated at ACDC. (*See* Amended Complaint (doc. # 5)). Mr. Young alleges three claims for "inhumane conditions" at ACDC. (*See* Amended Complaint (doc. # 5) at pp. 3-6 of 8). Mr. Young seeks injunctive relief as well as damages. (*See* Amended Complaint (doc. # 5) at p. 8 of 8 (requesting "proper living conditions, proper cleaning suppl[i]es, proper cleaning or new cloth[e]s, proper hiring . . . of new staff," and "financial payments")). Defendants have moved to dismiss Mr. Young's claims on several grounds.

II.     Defendants' Motions to Dismiss

A.      Standard of Review

Defendant Aramark Correctional Services LLC moves to dismiss without citation to any specific Federal Rule of Civil Procedure. Defendant Martinez moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defendants essentially argue that Mr. Rosales has failed to state a claim upon which relief can be granted.

Rule 12(b)(6) empowers the court to dismiss an action "for failure to state a claim upon which relief can be granted." The court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F. 3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)). The court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado*, 493 F. 3d at 1215 n. 2 (citing *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ----, 127 S. Ct. 1955, 1968-69 (2007) ("the old standard, 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief' is 'best forgotten as an incomplete, negative gloss on an accepted pleading standard'")).

Because Mr. Young appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

B.  Liability of Defendants under § 1983

Title 42 U.S.C. § 1983 provides a civil cause of action for individuals who are deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting "under color of law." *Adickes v. SH Kress & Co.*, 398 U.S. 144, 147, 150 (1970). Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979).

1. Color of State Law

Mr. Young specifically alleged in the Amended Complaint that Defendants were not acting under color of state law. (*See* Amended Complaint (doc. # 5) at p. 2 of 8, ¶¶ 2, 3). To assert a claim under § 1983, Mr. Young must allege a deprivation of a federal or constitutional right by a person acting under color of state law. *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988). Section 1983 does not impose liability in the absence of action taken under color of state law. *Adickes*, 398 U.S. at 150. If the conduct of Defendants does not qualify as state action, then the inquiry into § 1983 liability ends. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). In his response to Defendant Martinez' Motion, Mr. Young states that he meant to allege that Defendant "Martinez was acting in the color of law." (*See* doc. # 24). While Mr. Young's response brief is not a pleading, *see* Fed. R. Civ. P. 7(a), the court will treat Mr. Young's Amended Complaint as alleging that Defendant Martinez was acting under color of state law.

2. Liability of Defendant Martinez in his Individual Capacity

Mr. Young does not specify whether he is suing Defendant Martinez in his individual or official capacity or both. (*See* Amended Complaint (doc. # 5)). To the extent that Mr. Young may be suing Defendant Martinez in his individual capacity, personal capacity suits pursuant to § 1983 seek to impose personal liability upon a government official for actions he or she takes under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985).

Individual liability under § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility. *See Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997) (individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation) (citation omitted); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (personal participation is an essential allegation in a

civil rights action) (citation omitted); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim."). A defendant may not be held liable merely because of his or her supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). There must be an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A plaintiff must both allege in the complaint and prove at trial an affirmative link between the alleged constitutional violation and a defendant's participation. *See Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) (for § 1983 claim, affirmative link between the defendant's conduct and any constitutional violation "must be alleged in the complaint as well as proven at trial").

Defendant Martinez argues that Mr. Young has failed to plead sufficient facts to demonstrate that he had any personal participation in or any supervisory liability for the alleged violations of Mr. Young's constitutional rights. The court agrees.

Mr. Young's only allegation against Defendant Martinez is that he received "a whole bunch of rude letters from Sgt. Martinez." (*See* Amended Complaint (doc. # 5) at p. 6 of 8). Mr. Young does not identify any specific action Defendant Martinez took that gave rise to a constitutional violation. Mr. Young has not pled that Defendant Martinez in any way caused or participated in the alleged constitutional violations. *See McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983) (an individual cannot be held liable in a section 1983 action unless he "participated or acquiesced" in an alleged constitutional violation). As Mr. Young has failed to allege a basis for holding him individually liable under §1983, Defendant Martinez is properly dismissed from this civil action.

    3.    Liability of Defendant Martinez in his Official Capacity

To the extent that Mr. Young may be suing Defendant Martinez in his official

capacity, he is actually attempting to impose liability on Defendant Martinez' employer. *See Kentucky v. Graham*, 473 U.S. at 166 ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). "[T]he sheriff is the appropriate governing entity to deal with a claim against a deputy sheriff." *Peterson v. Arapahoe County Sheriff*, 72 P.3d 440, 443 (Colo. App. 2003) (quoting *Tunget v. Board of County Commissioners of Delta County*, 992 P.2d 650, 652 (Colo. App. 1999) ("The sheriff, not the county or the Board [of County Commissioners] has the right to control with respect to the deputies.")). *See also* Colo. Rev. Stat. § 17-26-102 and § 30-10-511 (pursuant to Colorado law, the county sheriff is designated to operate and maintain the jail located in the county). To the extent that Mr. Young's claim is against the Sheriff, it is equivalent to a suit against Arapahoe County. *See Lopez v. Lemaster*, 172 F.3d 756, 762-63 (10th Cir. 1999) (suit against sheriff in his official capacity as sheriff is the equivalent of a suit against the County) (citation omitted).

"Municipalities can be sued for monetary, declaratory, or injunctive relief for deprivations of constitutional or civil rights." *Marshall v. Columbia Lea Regional Hospital*, 345 F.3d 1157, 1177 (10th Cir. 2003) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 689-90 (1978) (holding that municipalities and other local governmental bodies are "persons" within the meaning of 42 U.S.C. § 1983)). "A municipality, however, cannot be held liable for the actions of its employees under the theory of *respondeat superior*." *Marshall*, 345 F.3d at 1177 (citation omitted). *See also Lopez*, 172 F.3d at 762-62 ("The County may be held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees.") (internal quotation marks and citation omitted).

"Plaintiffs seeking to impose liability on a municipality under section 1983 must identify a municipal 'policy' or 'custom' causing their injury." *Marshall*, 345 F.3d at 1177 (citation omitted). *See also Bryan County v. Brown*, 520 U.S. 397, 403 (1997) ("[I]n *Monell*

and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury.") (citations omitted).

> [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Bryan County*, 520 U.S. at 404.

"An unconstitutional deprivation is caused by a municipal 'policy' if it results from decisions of a duly constituted legislative body or an official whose acts may fairly be said to be those of the municipality itself." *Marshall*, 345 F.3d at 1177 (citation omitted). To warrant liability, the alleged policy must be a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the public entity's officers. *Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996) (internal quotation marks and citation omitted). A decision that "was a 'course of action consciously chosen from among various alternatives' " generally implies a policy. *J.B. v. Washington County*, 127 F.3d 919, 924 (10th Cir. 1997).

"If a violation cannot be characterized as official policy, then [a municipality may] still be held liable if the practice is so permanent and well-settled as to constitute a custom or usage with the force of law." *Lankford*, 73 F.3d at 286 (internal quotation marks and citations omitted). *See also Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1229 (10th Cir. 2001) ("a municipality may be held liable when the illegal practice is so permanent and well settled as to constitute a custom or usage with the force of law") (internal quotation marks and citation omitted). " '[C]ustom' has come to mean an act that, although not formally approved by an appropriate decision maker, has such widespread practice as to have the force of law." *Marshall*, 345 F.3d at 1177 (citation omitted).

Mr. Young has not alleged an unconstitutional policy attributable to a municipal

policymaker. Mr. Young has no claim for supervisory liability against the County in the absence of allegations of policy or custom. *See Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir.1998) (requiring proof that policy or custom is the moving force behind governmental employee's constitutional violation). Mr. Young's claim against Defendant Martinez in his official capacity is not sufficient to progress past the pleading stage.

4.  Liability of Defendant Aramark

Defendant Aramark first argues that it cannot be held vicariously liable under § 1983 for the tortious acts of its employees. *See Monell*, 436 U.S. at 691 (a municipality cannot be held liable under § 1983 merely on account of the unauthorized acts of its agents); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1215 (10th Cir. 2003) (*Monell* also extends to private defendants sued under § 1983). In order to hold Aramark liable for the alleged tortious acts of its agents, Mr. Young must allege that Aramark caused the constitutional violation by instituting an "official municipal policy of some nature" that was the "direct cause" or "moving force" behind the constitutional violations. *Dubbs*, 336 F.3d at 1215. Mr. Young has not alleged an unconstitutional policy attributable to Aramark. To the extent that Mr. Young alleges Aramark's liability is vicarious, Mr. Young has failed to state a claim upon which relief can be granted.

Next, Defendant Aramark argues that it is a private corporation that contracted to provide linen service to the ACDC and is not a state actor for purposes of § 1983. In response, Mr. Young argues that "any private company that signs a contract with a facility that is government or a facility that is under color of law there subcontractor are accountable [sic] . . . ." (*See* doc. # 31 at p. 1 of 2). Mr. Young's argument is incorrect.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and

made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks and citation omitted). Purely private acts are not considered acts under color of state law unless that conduct is furthered by actual or purported state authority. *Jojola v. Chavez,* 55 F.3d 488, 493 (10th Cir. 1995). *See also Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (court must determine whether private party's "conduct has sufficiently received the imprimatur of the State so as to make it 'state action' for purposes of the Fourteenth Amendment").

The Supreme Court "has taken a flexible approach to the state action doctrine, applying a variety of tests to the facts of each case," *Gallagher v. "Neil Young Freedom Concert,"* 49 F.3d 1442, 1447 (10th Cir. 1995), including: (1) the "public function" test, (2) the "nexus" test, (3) the "joint action" test and (4) the "state compulsion" test, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982). "Under each of these four tests, 'the conduct allegedly causing the deprivation of a federal right' must be 'fairly attributable to the State.'" *Gallagher*, 49 F.3d at 1447-48 (quoting *Lugar,* 457 U.S. at 937). A private individual's conduct is "fairly attributable to the state" if two conditions are met: "[f]irst, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the state is responsible. Second, the private party must have acted together with or . . . obtained significant aid from state officials or engaged in conduct otherwise chargeable to the State." *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (internal quotations and citation omitted). "Regardless of the test applied, the elements outlined in *Pino* must be present for conduct to be considered state action." *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000) (citation omitted).

Mr. Young has not alleged any relationship between Defendant Aramark and the County such that Defendant Aramark's alleged conduct could be "fairly attributable to the state." Mr. Young does not allege any facts that suggest that Defendant Aramark was

functioning in any capacity other than as a private actor. (*See* Amended Complaint (doc. # 5) at p. 5 of 8 ("Since 1-3-07 each week on Monday Aramark Services Head of Arapahoe Laundry Facility gives us the following: . . .")). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110 (citations omitted). Even construing the allegations in a light most favorable to Mr. Young, the court concludes that Mr. Young has not adequately alleged that Defendant Aramark acted under color of state law. For these reasons, Defendant Aramark is properly dismissed from this civil action.

5. Injunctive Relief

Mr. Young's transfer from ACDC on June 22, 2007 moots his request for injunctive relief. *See Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (following release from prison, inmate's claims for declaratory and injunctive relief were moot); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (inmate's claims for declaratory and injunctive relief regarding prison conditions were moot when he was transferred to another facility and was no longer subject to those conditions) (citations omitted). As there is no reasonable expectation that Mr. Young will be subjected to this conduct again, this is not the type of claim to which an exception to the mootness doctrine applies. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (recognizing exception to the mootness doctrine where there is a "reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party") (internal quotation marks and citation omitted).[1]

---

[1] Mr. Young's proposed Second Amended Complaint does not include a request for declaratory or injunctive relief. (*See* doc. # 42 at pp. 16-17 of 17).

III. Motion to Amend

After Defendants filed their Motions to Dismiss, Mr. Young moved to amend his Amended Complaint. Motions to amend are committed to the trial court's discretion. *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). Leave to amend should be freely given based on the balancing of several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and prejudice to the opposing party. *Moore v. Reynolds*, 153 F.3d 1086, 1116 (10th Cir. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)).

Nevertheless, "[t]he broad permissive language appearing in both the rule and the cases does not mean that there are no standards by which the trial court is to be guided." *Moore v. U.S./U.S. Dept. of Agriculture Forest Service*, 864 F. Supp. 163, 164 (D. Colo. 1994) (internal quotation marks and citation omitted). Although Fed. R. Civ. P. 15(a) requires leave to amend be given freely, that requirement does not apply where an amendment obviously would be futile. *T.V. Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citations omitted). Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted. *T.V. Communications Network, Inc.*, 964 F.2d at 1028. *See also Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (internal quotation marks and citation omitted); *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001) (In order to determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)).

Mr. Young seeks to file a Second Amended Complaint naming as Defendants the "Jail Keeper and or Head of Administration & Operation Decision-Making at Arapahoe Detention Facility, Sgt. Richard Martinez Head of Maintences [sic] of the Facility, Aramark

Correctional Services L.L.C. head of laundry of the facility," and "John doe doctors of the facility for pod 4a." (*See* doc. # 42). The court concludes that because Mr. Young's proposed Second Amended Complaint suffers from the same deficiencies as the Amended Complaint, as well as additional deficiencies, it is properly denied as futile.

1.  Defendant "Jail Keeper or Head of Decision Making . . . . "

In Claim One of his proposed Second Amended Complaint, Mr. Young alleges that the "Jail Keeper and or Head of Administration & Operation Decision-Making at Arapahoe Detention Facility . . . failed to keep it's employees trained and failed to keep a handle on subcontractors they hired." (*See* doc. # 42 at p. 5 of 17).

"In the absence of an explicit policy or an entrenched custom, 'the inadequacy of police training may serve as a basis of § 1983 liability . . . where the failure to train amounts to a deliberate indifference to the rights of persons with whom the police come into contact.' " *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1318 (10th Cir. 2002). The Supreme Court in *City of Canton v. Harris* imposed strict limitations on when a municipality can be liable under § 1983 for lapses in training:

> We hold today that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. This rule is most consistent with our admonition . . . that a municipality can be liable under § 1983 only where its policies are the moving force behind the constitutional violation. Only where a municipality's failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants can such a shortcoming be properly thought of as a city policy or custom that is actionable under § 1983. . . . Only where a failure to train reflects a deliberate or conscious choice by a municipality - a policy as defined by our prior cases - can a city be liable for such a failure under § 1983.

489 U.S. 378, 388-89 (1989) (internal citations, quotation marks, and brackets omitted). *See also Medina v. City & County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) (treating allegations of failure to supervise the same way). Deliberate indifference to constitutional rights "occurs when the need for more or different action 'is so obvious, and

12

the inadequacy [of the current procedure] so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need." *City of Canton*, 489 U.S. at 390.

Mr. Young's allegations of failure to train and supervise are not adequate to state a claim. Mr. Young's allegations are merely conclusory and speculative. Mr. Young has not identified the employees who were not properly trained or how their training was inadequate. Mr. Young does not allege that the failure to train and supervise reflected a deliberate, conscious indifference to his rights. *See Warner v. Grand County*, 57 F.3d 962, 967-68 (10th Cir. 1995) (citing *City of Canton*, 489 U.S. at 388-89. Mr. Young's Motion to Amend is properly denied as to Defendant "Jail Keeper or Head of Decision Making."

2. Defendant Martinez

In Claim Two of his proposed Second Amended Complaint, Mr. Young alleges that "as supervisor" Defendant Martinez "failed to do his job" with regard to "the conditions of the showers." (*See* doc. # 42 at pp. 9-10 of 17; *see also* p. 4 ("Martinez as a supervisor of the maintenance department failed company procedures and policy by failing to do his job monthly by steam cleaning the showers that had bugs and mold in them and this is a supervisor's job . . . ")). Mr. Young alleges that Defendant Martinez "became liable for the injuries that the plaintiff sustained during his stay at the facility, by the response he wrote because I asked them to fix the problems and he gave me this answer that is not true because he did not steam clean them before the date in question so therefore he failed to do his job. . . ." (*See* Proposed Second Amended Complaint (doc. # 42) at pp. 9-10 of 17).

A defendant may not be held liable merely because of his or her supervisory position, without an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). Mr. Young attempts to hold Defendant Martinez liable on the basis

that he denied a kite.  (*See* Proposed Second Amended Complaint (doc. # 42) at p. 9 of 17 (". . . Martinez was the head of maintenance and he would be able to handle the situation therefore when I put the kites attention to him he respond in the role as a supervisor which is his role at the facility")).  However, without an allegation of direct responsibility for the alleged violations, Defendant Martinez cannot be held liable for an alleged constitutional violation on the basis of his response to a kite.  *See, e.g.*, *Johnson v. G.E.O./Lawton Correctional Facility*, 2005 WL 2739212 (W.D. Okla. 2005) (holding that plaintiff failed to state a claim for relief based upon a defendant's participation in the processing of a grievance; *pro se* plaintiff had not demonstrated the required "affirmative link" between the defendant and the underlying constitutional violation).[2]  As Mr. Young has not alleged that Defendant Martinez in any way caused or participated in the alleged constitutional violations, there is no basis for holding Defendant Martinez liable under § 1983.  Mr. Young's Motion to Amend is properly denied as to Defendant Martinez.

In his claim against Defendant Martinez, Mr. Young further alleges that the "showers had mold and bug infestation in them and a very bad strong odor."  (*See* Amended Complaint (doc. # 5) at p. 9 of 17).  Mr. Young does not rely on any specific federal statutory and constitutional law as the basis for his claim.  Defendant Martinez argues that Mr. Young's allegations do not state a claim for violation of the Eighth Amendment.  As the court has determined that for other reasons Mr. Young has not stated a claim upon which relief can be granted against Defendant Martinez, the court need not reach the issue whether Mr. Young's allegations against Defendant Martinez rise to the level of an Eighth Amendment violation.

3.    Defendant Aramark

In Claim Three of his proposed Second Amended Complaint, Mr. Young alleges that

---

[2]    A copy of this unpublished case is attached to this Recommendation.

Defendant Aramark failed to properly launder his "linens and cloth[e]s" while he was incarcerated at ACDC, in violation of "procedures of O.S.H.A." and "a standard set of rules, set for all the state and government agencies." (*See* doc. # 42 at pp. 11-12 of 17). The "failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993). *See also Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) (claim under section 1983 is available to redress violations of federal statutory and constitutional law). Mr. Young's allegation that Defendant Aramark violated "this standard set of rules and regulations set by O.S.H.A" (*see* doc. # 42 at p. 12 of 17) fails to state a claim upon which relief can be granted under § 1983.

For the same reason, Mr. Young's allegation that Defendant Aramark "are co-conspirators because they were not following a standard set of rules for all the state and government agencies [sic]" (*see* doc. # 42 at pp. 6-7 of 17) fails to state a claim. *See Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999) ("the plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim") (citation omitted); *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999) (the elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right) (citation omitted); *Brennan v. Hendrigan*, 888 F.2d 189, 195 (1st Cir. 1989) (because a § 1983 conspiracy claim requires proof of a constitutional deprivation, conspiracy claim was properly dismissed). Mr. Young's Motion to Amend is properly denied as to Defendant Aramark.

4. Defendants John Doe Doctors

In Claim Four of his proposed Second Amended Complaint, Mr. Young alleges that Defendants John Doe Doctors are liable for medical malpractice and violation of the Eighth

Amendment for "failure to properly treat the plaintiff's problems" and "to give medical care." (*See* doc. # 42 at pp. 13-14 of 17).

First, claims of § 1983 liability may not be predicated on negligence. *Daniels v. Williams*, 474 U.S. 327, 330, 106 S. Ct. 662 (1986). *See also Medina*, 960 F.2d at 1500 ("negligence and gross negligence do not give rise to section 1983 liability"). To the extent that Mr. Young's proposed Second Amended Complaint is based upon medical malpractice or negligent conduct by any of the Defendants, Mr. Young's Motion to Amend is properly denied.

To the extent that Mr. Young is alleging an Eighth Amendment violation (*see* doc. # 42 at p. 13 of 17), an Eighth Amendment claim includes both an objective component, whether the medical need of the prisoner is "serious," *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), and a subjective component, whether the officials acted with a sufficiently culpable state of mind, *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). *See also Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (two-pronged standard "requires deliberate indifference on the part of prison officials and it requires the prisoner's medical needs to be serious").

The subjective component follows from the principle that "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson*, 501 U.S. at 297). An inmate's complaint of inadequate medical care amounts to an Eighth Amendment claim if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference requires a higher degree of fault than negligence or even gross negligence. *Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1495-96 (10th Cir. 1990) (citation omitted). An official acts with deliberate indifference if his or her conduct "disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." *Berry*, 900 F.2d at 1496. The Supreme Court explained the test for deliberate indifference:

> We reject petitioner's invitation to adopt an objective test for deliberate indifference. We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it.

*Farmer*, 511 U.S. at 837.

Mr. Young alleges, *inter alia*, that "[t]he doctors failed to provide adequate medical care to the plaintiff when he failed to diagnose the bumps on the plaintiff's head [sic]" and "he should have not prescribed anything. . . ." (*See* proposed Second Amended Complaint (doc. # 42) at p. 13-14 of 17). Mr. Young does not allege that Defendants John Doe Doctors were aware of and disregarded an excessive risk to his health. Mr. Young has failed to allege deliberate indifference on the part of Defendants John Doe Doctors and his conclusory allegations of misdiagnosis and inadequate treatment are insufficient to support a claim of deliberate indifference.

Mr. Young alleges nothing more than his disagreement with the diagnosis and treatment for the "bumps on the plaintiff's head." (*See* Second Amended Complaint (doc. # 42) at p. 13 of 17). Mr. Young's disagreement with the medical treatment he received is not sufficient to sustain a claim under the Eighth Amendment. *See Estelle*, 429 U.S. at 107 (whether a certain form of treatment should be prescribed "is a classic example of a matter for medical judgment."); *Perkins v. Kansas Dept. Corrections*, 165 F.3d 803, 811 (10th Cir. 1999) (disagreement with medical personnel "does not give rise to a claim for deliberate indifference to serious medical needs"); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) ("[a] difference of opinion does not support a claim of cruel and unusual punishment"); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) (the Constitution does not guarantee a prisoner the treatment of his choice) (citations omitted); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional

violation); *Henderson v. Secretary of Corrections*, 518 F.2d 694, 695 (10th Cir. 1975) ("The prisoner's right is to medical care -- not to the type or scope of medical care which he personally desires") (internal quotation marks and citation omitted).

In sum, IT IS RECOMMENDED that:

1. Defendant Martinez' Motion to Dismiss (filed August 15, 2007) (doc. # 16) be GRANTED;

2. Defendant Aramark's Motion to Dismiss (filed September 10, 2007) (doc. # 27) be GRANTED;

3. Mr. Young's "Prisoner Leave to Amend Complaint (2) [sic]" (filed December 14, 2007) (doc. # 42) (docketed by the Clerk of the Court as a Motion to Amend Complaint and Combined Complaint) be DENIED; and

4. This civil action be dismissed with prejudice for failure to state a claim upon which relief can be granted.[3]

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's

---

[3] Under the circumstances of this case, the court recommends dismissal with prejudice. The court has recommended that the Amended Complaint is properly dismissed and Mr. Young's proposed Second Amended Complaint is properly rejected. Even *pro se* prisoner litigants are not permitted an infinite number of attempts to comply with the rules of the court and to date Mr. Young has not prepared a pleading that can survive a motion to dismiss.

objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 11th day of January, 2008.

BY THE COURT:


s/Craig B. Shaffer
United States Magistrate Judge