IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01222-WYD-CBS

JOEY YOUNG,
    Plaintiff,
v.

SGT. RICHARD MARTINEZ, Head of Maintences [sic], and
ARAMARK SERVICES, Head of Laundry Services,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Young's "Motion for Permission to File an Amended/Supplemental to the Original Prisoner Complaint that / 'Relates Back' [sic]" (filed February 15, 2008) (doc. # 53). Pursuant to the Order of Reference dated July 16, 2007 (doc. # 8) and the memorandum dated February 19, 2008 (doc. # 54), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the tendered amended/supplemental complaint, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Mr. Young has alleged pursuant to 42 U.S.C. § 1983 that Defendants violated his constitutional rights while he was incarcerated at the Arapahoe County Detention Center ("ACDC") in Centennial, Colorado. (*See* Amended Complaint (doc. # 5)). Mr. Young has alleged three claims for "inhumane conditions" at ACDC. (*See* Amended Complaint (doc. # 5) at pp. 3-6 of 8). Mr. Young seeks injunctive relief as well as damages. (*See* Amended Complaint (doc. # 5) at p. 8 of 8). Defendants have moved to dismiss Mr. Young's claims on several grounds. On January 11, 2008, the Magistrate Judge issued a Recommendation to deny Mr. Young's previous motion to amend and to dismiss this entire civil action with prejudice. (*See* doc. # 46). Mr. Young now moves again to amend his Amended Complaint.

1

Motions to amend are committed to the trial court's discretion. *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). Although Fed. R. Civ. P. 15(a) requires leave to amend be given freely, that requirement does not apply where an amendment obviously would be futile. *T.V. Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citations omitted). Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted. *T.V. Communications Network, Inc.*, 964 F.2d at 1028. *See also Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (internal quotation marks and citation omitted); *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001) (In order to determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)).

Mr. Young seeks to file a Second Amended Complaint for the following reasons:

1. Plaintiff has never used his rights to a supplemented [sic] his complaint.
2. There are issues that were not clearly presented or mentioned in the original prisoner Complaint and need to be addressed because the issues are a direct result of constitutional violations cause [sic] by some defendants' [sic] in this complaint.
3. The date plaintiff was placed into administrative segregation is incorrect and needs to be corrected.
4. Plaintiff is seeking injunctive relief and needs to clearly state grounds for relief in an amended/supplemental complaint.
5. Plaintiff is seeking declaratory relief and needs to clearly state grounds for relief in an amended/supplemental complaint.
6. There are defendants' name's [sic] that are in the original complaint that need spelling corrections.
7. There are defendants' name's [sic] that were not included in the original complaint that needed to be included, do [sic] to the direct result in constitutional violations against the plaintiff.
8. The added defendants' [sic] are needed for trial by jury do [sic] to the fact they did violate constitutional rights of the plaintiff.

(*See* doc. # 53). The court concludes that Mr. Young's proposed amendments are properly denied as futile.

The court has recommended that Mr. Young's previous attempt to amend his Amended Complaint be denied. The date that Mr. Young was placed in administrative segregation is not relevant to his claims. As the court has previously addressed Mr. Young's request for injunctive relief (*see* doc. # 46 at p. 10 of 19), he need not file an amendment to seek injunctive relief. The proposed amendment to seek declaratory relief is properly denied because Mr. Young's tendered "Prisoner Leave to Supplemental Complaint [sic]" ("Second Amended Complaint") still does not seek declaratory relief. (*See* doc. # 53-2). Correction of the spelling of Defendants' names and additional Defendants' names do not cure the numerous deficiencies in the Amended Complaint. (*See* doc. # 46). Because Mr. Young's proposed Second Amended Complaint suffers from the same deficiencies as the Amended Complaint, as well as additional deficiencies,

IT IS RECOMMENDED that Mr. Young's "Motion for Permission to File an Amended/Supplemental to the Original Prisoner Complaint that / 'Relates Back' [sic]" (filed February 15, 2008) (doc. # 53) be DENIED.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections

may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 21st day of February, 2008.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge