IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01222-WYD-CBS

JOEY YOUNG,

    Plaintiff,

v.

SGT. RICHARD MARTINEZ, Head of Maintenances [sic], and
ARAMARK SERVICES, Head of Laundry Services,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court on Defendant Martinez' Motion to Dismiss; (2) Defendant Aramark's Motion to Dismiss; and (3) Plaintiff Young's "Prisoner Leave to Amend Complaint (2) [sic]." Pursuant to the Order of Reference dated July 16, 2007 and memoranda dated August 15, 2007, September 10, 2007, and December 14, 2007, these motions were referred to Magistrate Judge Shaffer. Also at issue is "Plaintiff's Motion for Permission to File an Amended/Supplemental [sic] to the Original Prisoner Complaint that / 'Relates Back.'" This motion was also referred to Magistrate Judge Shaffer.

On January 11, 2008, a Recommendation of United States Magistrate Judge was issued by Magistrate Judge Shaffer. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b), Fed. R. Civ. P. 72, D.C.COLO.LR. 72.4. Magistrate Judge Shaffer recommends therein that Defendants' motions to dismiss be

granted and that Plaintiff's motion for leave to amend his amended complaint be denied. *See* Recommendation at 18. On February 15, 2008, Plaintiff filed timely objections to the recommendation.

On February 21, 2008, Magistrate Judge Shaffer issued another Recommendation which is also incorporated by reference. He recommends therein that Plaintiff's motion to amend the complaint be denied on the basis of futility. No objections were filed to this Recommendation.

I first address the Recommendation of January 11, 2008. Since Plaintiff filed objections, I will review <u>de novo</u> the specific portions of the Recommendation to which Plaintiff objects. FED. R. CIV. P. 72(b). I discuss the Recommendation as to each defendant and then address the objections as to that defendant.

Magistrate Judge Watanabe recommended therein that Defendant Martinez's motion to dismiss be granted as to claims against Martinez in his individual capacity under 42 U.S.C. § 1983 because Mr. Young's only allegation against Martinez is that he received "a whole bunch of rude letters from Sgt. Martinez." Recommendation at 5 (citing Amended Complaint at p. 6). Magistrate Judge Shaffer further noted that Plaintiff does not identify any specific action Defendant Martinez took that gave rise to a constitutional violation and has not pled that Martinez in any way caused or participated in the alleged constitutional violations. *Id*. Thus, Magistrate Judge Shaffer found that Plaintiff failed to allege a basis for Martinez's individual liability under § 1983, and Martinez is properly dismissed from this civil action.

Magistrate Judge Shaffer also found that to the extent Plaintiff is suing Martinez in his official capacity, he is actually attempting to impose liability on Martinez' employer the Sheriff of Arapahoe County. Recommendation at 5-6. He further finds that this is equivalent to a suit against Arapahoe County. *Id.* at 6. Turning to the issue of liability of the County, Magistrate Judge Shaffer recommends that Arapahoe County be dismissed because Plaintiff did not allege an unconstitutional policy attributable to a municipal policymaker. Recommendation at 7-8. Further, he finds that Plaintiff has no claim for supervisory liability against the County in the absence of allegations of policy or custom. *Id.* at 8.

Turning to the objections, Plaintiff asserts that Defendant Martinez is the head of maintenance and his job description is to maintain the sanitation of the facility, including the showers. He states that all the Defendants were involved directly and indirectly for the alleged inhumane conditions in the prison (the bug and mold problem in the showers) due to notification of the problems. As to Martinez specifically, Plaintiff asserts that he and the pod sergeant who inspected the facility every Friday were notified through kites of the problem and failed to fix it, thus making Martinez liable.

Turning to my analysis, while Plaintiff attempts through his arguments to make Martinez personally responsible, there is nothing in the Amended Complaint that alleges personal participation. Magistrate Judge Shaffer correctly notes this. Instead, Martinez is being sued for his supervisory role as the head of maintenance. Magistrate Judge Shaffer properly finds that this is not a basis for liability against Martinez in his

individual capacity. *See* Recommendation at 4-5. Accordingly, I affirm the Recommendation to dismiss Defendant Martinez in his individual capacity.[1]

As to the claim against Martinez in his official capacity, Magistrate Judge Shaffer properly found that this is essentially a claim against Arapahoe County. Plaintiff's objection asserts that he has stated a claim as he is relying on policies attached as Exhibit B-2 to his objections that were promulgated by Arapahoe County Detention Facility ("ACDF"). He asserts that it is the mission statement of Arapahoe County Sheriff J. Gregg Robinsion, the decision maker for ACDF, that all employees and subcontractors, including Sgt. Martinez and Aramark, follow these policies. He further alleges that the policies which he alleges were contractual in nature were violated by housing inmates at ACDF, including Plaintiff, in inhumane conditions where the shower was infested with bugs and mold and the inmates were given dirty laundry. He argues that these violations make Defendants and all others involved with the violations liable. As to his injuries, Plaintiff refers to the medical evidence attached as Exhibit C to his objection.

Again, I find that Magistrate Judge Shaffer's recommendation should be affirmed as to this claim. While Plaintiff identifies policies of the ACDF which he alleges were violated, he has not alleged any specific policies with respect to the alleged inhumane conditions at the prison. He also has not alleged that any such policy is the moving force or direct cause of the Defendants' actions.

---

[1] The only allegation against Martinez is that he sent Plaintiff rude letters. Amended Compl. at 6. This is not sufficient to make him personally liable for alleged inhumane conditions at the prison.

-4-

As to Defendant Aramark, Magistrate Judge Shaffer recommends that its motion to dismiss also be granted. Recommendation at 8-10. He found that in order to hold Aramark liable for the alleged tortious acts of its agents, Plaintiff must allege that Aramark caused the constitutional violation by instituting an "official municipal policy of some nature" that was the "direct cause" or "moving force" behind the constitutional violations. Recommendation at 8 (quoting *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1215 (10th Cir. 2003)). He further found that Plaintiff has not alleged an unconstitutional policy attributable to Aramark. *Id.* Further, to the extent that Plaintiff alleges Aramark's liability is vicarious, Magistrate Judge Shaffer finds that Plaintiff failed to state a claim upon which relief can be granted. *Id.* The Recommendation also finds that Plaintiff has not alleged any relationship between Defendant Aramark and the County such that Defendant Aramark's alleged conduct could be "fairly attributable to the state" or that it acted under color of state law. *Id.* at 9-10.

Again, I find that the recommendation to dismiss this defendant should be affirmed. Plaintiff has not alleged that Aramark itself instituted any policy that was the moving force behind the alleged violations at issue. To the extent he alleges that Aramark is vicariously liable as a result of a policy of ACDF, I agree with Magistrate Judge Shaffer that this fails to state a claim upon which relief can be granted. I further agree with the finding in the recommendation that Plaintiff has not shown that Aramark is a state actor or that it acted under color of state law for purposes of his § 1983 claim.

I also affirm Magistrate Judge Shaffer's recommendation to deny Plaintiff's claim for injunctive relief and the claim against the John Doe doctors. Finally, I agree that

dismissal with prejudice is appropriate, as Plaintiff has been given numerous opportunities to draft a complaint that states a claim for relief and has not been able to do so.

In short, I find that the Recommendation of of January 11, 2008, is legally sound and well reasoned. I find no merit to Plaintiff's objection, and note that many of Plaintiff's arguments are conclusory in nature. Accordingly, I affirm and adopt the Recommendation in its entirety.

I now turn to the February 2008 Recommendation. As stated previously, it is recommended therein that Plaintiff's motion to amend his amended complaint be denied. Magistrate Judge Shaffer found that the amendment would be futile as the Second Amended Complaint suffers from the same deficiencies as the Amended Complaint as well as other deficiencies. Recommendation at 11-18.

Turning to my analysis, since no objections were filed I am vested with discretion to review this Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no

clear error on the face of the record."[2]  See FED. R. CIV. P. 72(b) Advisory Committee Notes.

I find that the Recommendation is well reasoned and legally sound.  I agree that the filing of an amended or supplemental complaint would be futile for the reasons stated in the Recommendation.  Plaintiff's supplemental complaint attached to the motion to amend did not correct the deficiencies noted in the Recommendation.  Accordingly, I find that the Recommendation of February 21, 2008, should also be affirmed and adopted.

Based upon the foregoing, it is

ORDERED that Plaintiff's Objection to the Magistrate [Judge] Recommendation of Dismissal Due to Rule 12(b)(1) and 12(b)(6) is **OVERRULED**.  It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge filed January 11, 2008 is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that  Defendant Martinez' Motion to Dismiss (filed August 15, 2007) (doc. # 16); and (2) Defendant Aramark's Motion to Dismiss (filed September 10, 2007) (doc. # 27) are **GRANTED**.  Plaintiff's "Prisoner Leave to Amend Complaint (2) [sic]" (filed December 14, 2007) (doc. # 42) is **DENIED**.  It is

---

[2]  Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a de novo review, FED. R. CIV. P. 72(b).

FURTHER ORDERED that the Recommendation of United States Magistrate Judge filed February 21, 2008 is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Plaintiff's Motion for Permission to File an Amended/ Supplemental [sic] to the Original Prisoner Complaint that / 'Relates Back'" (filed February 15, 2008) (doc. # 53) is **DENIED**. Finally, it is

ORDERED that this case is **DISMISSED WITH PREJUDICE**.

Dated: March 21, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge